[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
This case between the plaintiff, TDS Painting Restoration, Inc., a painting contractor, and the defendant, Copper Beach Farm, Inc., involved the so-called "commercial exception" of General Statutes § 20-419 (4)(C), the Home Improvement Act (HIA).
The Appellate Court in TDS Painting Restoration, Inc. v.Copper Beach Farm, Inc., 45 Conn. App. 743, 751, 699 A.2d 1731, cert. denied, 243 Conn. 908, 701 A.2d 338 (1997), determined that "whether a particular property is commercial in nature for purposes of the commercial exception' to the Home Improvement Act is a factual determination, and not a matter of law." Accordingly, the case was remanded to this court to "render judgment consistent with the report of the attorney trial CT Page 41 referee."
This court then entered judgment on November 24, 1998, in favor of the plaintiff for $23,969.71, the balance due under the contract between the plaintiff and the defendant, and for $83,910 for attorney's fees in accordance with the report of the attorney trial referee and the decision of the Appellate Court. However, as pointed out in a "supplemental memorandum of decision" dated November 24, 1998, the attorney trial referee had not completely finished his original report as to costs of collection incurred by the plaintiff at the time that this court entered judgment in favor of the defendant. Thus, in order to comply with the Appellate Court's direction to enter judgment in accordance with the referee's report, the case was remanded to the referee to obtain a final recommendation as to "costs of collection" as distinguished from "taxable costs" collectible in accordance with General Statutes § 52-257 and Practice Book § 18-5.
On May 3, 1999, the attorney trial referee, David M. Cohen, Esquire, issued a report finding that the plaintiff had expended $19,019.36 in costs to February 7, 1995, the date when the referee issued his original report. The referee recommended that a supplemental judgment enter in that amount based on a provision in the contract between the plaintiff and the defendant which stated that: "In the event of default, where permitted by law, attorney's fees (which are deemed reasonable) become due togetherwith any and all costs of collection if placed with an attorney for collection." (Emphasis added). The referee wrote that: "All the costs . . . are adequately documented, and the defendant does not contest that the expenditures claimed by the plaintiff were actually made." The referee also determined that the plaintiff has incurred additional costs of $3,109.95 after February, 1995, the date of his report, but correctly interpreted this court's remand to him that post-report costs should not be awarded on the theory that such an award would be outside the scope of the remand by the Appellate Court. Moreover, as counsel for the plaintiff stated at the hearing before the referee, the additional costs of $3,109.95 "are costs relating to the appeal." The Appellate Court did not indicate that the referee or this court should calculate costs incurred in connection with the appeal to that court.
In its motion to correct, exceptions and objections to the report of the attorney trial referee regarding costs, the defendant makes three contentions, which the referee and now this CT Page 42 court reject. The first is that the case should not have been remanded to the referee to hold a hearing and report on the matter of costs of collection as such a remand was outside the scope of the Appellate Court's remand to this court. As indicated previously, the referee had never quite completed his original report regarding the costs of collection to which the plaintiff was entitled in accordance with the contract between the parties. It therefore seemed reasonable to this court, and not outside the scope of the remand, to let the referee complete his report as to that subject, which has now been done.
The second objection interposed by the defendant is that the plaintiff is only entitled to costs of collection pursuant to the foreclosure statute, General Statutes § 52-249, because the case actually involves the foreclosure of a mechanic's lien placed on the defendant's property by the plaintiff. The defendant has not cited any specific authority that when a plaintiff is entitled under a contract to costs of collection and files and forecloses a mechanic's lien, that such plaintiff waives his right to such costs and is limited to statutory costs. This court believes that this plaintiff is entitled to costs of collection as provided in its contract with the defendant.
The third objection to the recommendation of the referee involves allocation of costs between this present action, a consolidated case and a counterclaim filed by the defendant. At the hearing held by the referee, counsel for the plaintiff stated that virtually all the costs were incurred in this present action or in defense of the counterclaim.[1] The referee pointed out that the actions were intertwined and the plaintiff was obliged to prove its own case and defend against the defendant's actions and all of its various defenses and contentions wherever presented. Thus, there was no need, according to the referee, to attempt to break down the costs incurred in different cases. This court agrees and therefore the referee's recommendation as to costs of collection is accepted, and a supplemental judgment hereby enters in favor of the plaintiff to recover $19,919.36 as its costs of collection.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of January, 2000.
William B. Lewis, Judge CT Page 43